

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-7-2005

# USA v. Balter

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3783

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Balter" (2005). *2005 Decisions*. Paper 149.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/149

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

No.  04-3783

—————

UNITED STATES OF AMERICA

v.

RICHARD BALTER,

Appellant

—————

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 93-cr-00536-1)
District Judge: Honorable Jerome B. Simandle

—————

Submitted Under Third Circuit LAR 34.1(a)
November 15, 2005

Before: BARRY, and AMBRO, <u>Circuit Judges</u>
POLLAK*, <u>District Judge</u>

(Filed: December 7, 2005)

—————

OPINION

—————

—————

       *Honorable Louis H. Pollak, United States District Judge for the Eastern District
of Pennsylvania, sitting by designation.

AMBRO, <u>Circuit Judge</u>

This is an appeal from an order denying a motion for remission of restitution. For the reasons provided below, we affirm.

At the close of a jury trial, Richard Balter was convicted of one count of murder-for-hire in violation of 18 U.S.C. §§ 1958, 2, and three counts of mail fraud in violation of 18 U.S.C. §§ 1341, 1342. As a result of those convictions, the District Court sentenced Balter to life imprisonment, imposed a fine of $175,000, and ordered restitution in the amount of $112,511. Our Court affirmed Balter's conviction in a published opinion. *See United States v. Balter*, 91 F.3d 427 (3d Cir. 1996), *cert. denied*, 519 U.S. 1011 (1996). Balter then filed a 28 U.S.C. § 2255 petition for *habeas corpus* in the District Court, which was denied.

On June 26, 2002, the Government moved to remit the fine under 18 U.S.C. § 3573, arguing that it had been unable to collect any of it over eight years because Balter was serving a life sentence and was making quarterly restitution of $25.00 through the Inmate Financial Responsibility Program, and that further efforts to collect the fine would needlessly expend Government resources. The District Court granted the Government's petition for remission of the fine.

Balter went the next step and on September 3, 2004, moved to remit his restitution. The District Court denied that motion and this appeal followed. While we exercise plenary review over whether an award of restitution is permitted by law, we review

specific awards of restitution for an abuse of discretion. *United States v. Himler*, 355 F.3d 735, 744 (3d Cir. 2004) (citing *United States v. Simmonds*, 235 F.3d 826, 829 (3d Cir. 2000)).

The Government argues that because Balter failed to challenge his restitution order in either his direct appeal or § 2255 motion, any complaints about his sentencing and initial restitution order are waived. We agree. Indeed, a defendant who fails to raise a challenge to restitution at sentencing or on direct appeal is barred from challenging the validity of the restitution order in collateral proceedings. *Cani v. United States*, 331 F.3d 1210, 1213-14 & n.2 (11th Cir. 2003) (citing cases); *cf. United States v. Cannistraro*, 871 F.2d 1210, 1214 (3d Cir. 1989) (stating that "[b]y failing to contest the underlying factors used by the district court imposing the order of restitution, [defendant] has waived his right to contest this order" in a Rule 35 motion).

The remainder of Balter's motion for remission is more properly characterized as seeking an adjustment of the restitution order under 18 U.S.C. § 3664(k). That provision states:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice

3

require.

The Government takes the position that because Balter's conviction, sentence, and order of restitution were imposed prior to the enactment of § 3664(k), that provision is inapplicable and, thus, Balter's restitution order cannot be adjusted. Even assuming, *arguendo*, that § 3364(k), which was enacted in 1996, can be used to modify a restitution order entered prior to 1996, Balter has failed to make the requisite showing under it.

As stated above, § 3664(k) requires that the defendant show a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." *Id*. Balter submits that his economic circumstances have changed because he is unable to perform work in prison to generate any income due to his serious medical conditions, including macular degeneration in both eyes and recent heart surgery. Because it is undisputed that Balter has only paid a total of $500 in restitution in the ten years he has been imprisoned, his inability to generate income via prison work assignments hardly constitutes a material change in his economic circumstances. Moreover, Balter does not allege that his medical conditions will permanently prevent him from earning money through the Inmate Financial Responsibility Program.

The District Court recognized Balter's complaints in its order denying his motion to reconsider:

> The Court finds that restitution was properly imposed at the time of sentencing in this matter and that the Defendant, Richard Balter, should continue to make efforts to the best of his ability, however limited that might be in light of his physical impairments, to make restitution to the victim of

4

his crime as previously ordered.

This instruction is reasonable, and thus can not constitute an abuse of discretion. *See Himler*, 355 F.3d at 744-45. Accordingly, we affirm the District Court's denial of Balter's motion for remission of restitution.