**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3502
_____

RICHARD BALTER,
                                        Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 08-cv-1475 )
(D.C. Criminal No. 93-cr-536)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted for Possible Summary Action Pursuant to Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
November 12, 2010

Before:  BARRY, FISHER and STAPLETON, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 3, 2010)
_____

OPINION
_____

PER CURIAM

Richard Balter, proceeding pro se, appeals the order of the United States District Court for the District of New Jersey denying his post-judgment motion. For the reasons set forth below, we will summarily affirm. See I.O.P. 10.6.

In 1994, a federal jury convicted Balter of mail fraud and participation in the commission of murder-for-hire. In 2005 and 2006, Balter filed motions in the District Court under Federal Rule of Civil Procedure 41(g) seeking the return of his personal and business records which were in the possession of the U.S. Attorney's office. The District Court granted the motions and, on February 21, 2007, the U.S. Attorney's office filed an affidavit stating that they had complied with the Court's orders and had returned two boxes of records to Balter.

Apparently surprised that only two boxes of materials were returned to him, in March 2008 Balter commenced a civil action by filing a petition for writ of mandamus requesting that the District Court enforce its earlier orders, entered on the criminal docket, directing the U.S. Attorney's office to return his business and personal records. Balter filed a substantively identical "motion for discovery" on the criminal docket requesting the same relief.

2

In an order entered on March 30, 2010, the District Court denied the mandamus petition as well as the "motion for discovery," determining that the U.S. Attorney's office provided sufficient evidence to conclude that the office had complied with the Court's

orders to return Balter's records. On May 5, 2010, Balter filed a motion for relief from judgment, which we construe as a motion pursuant to Federal Rule of Civil Procedure 60(b)(6). The District Court denied the motion and Balter timely appealed to this Court the denial of that motion.

We have jurisdiction to review the order denying Balter's post-judgment motion under 28 U.S.C. § 1291. We do not have jurisdiction to review the District Court's order denying Balter's mandamus petition and his "motion for discovery" because Balter did not file a timely notice of appeal from that order and his post-judgment motion was not filed within twenty-eight days of the District Court's order denying them. See Fed. R. App. P. 4(a)(1)(B) and Fed. R. App. P. 4(a)(4)(vi). This Court reviews the denial of a Rule 60(b) motion for abuse of discretion. Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002). "An abuse of discretion may be found when the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." Reform Party v. Allegheny Cnty. Dept. of Elections, 174 F.3d 305, 311 (3d Cir. 1999) (en banc).

We conclude that he District Court did not abuse its discretion when it denied Balter's post-judgment motion. Relief under Rule 60(b)(6) is "extraordinary relief and may only be invoked upon a showing of exceptional circumstances," Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002), and this case does not present any exceptional circumstances. As the District Court noted, Balter's motion simply rehashed arguments that he made in his mandamus petition and "motion for discovery" and failed to identify any controlling law or facts that the District Court overlooked.

As Balter's appeal presents no substantial question, we will summarily affirm. See Third Cir. LAR 27.4; I.O.P. 10.