**CLD-151**                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1287
_____

RICHARD BALTER,
                                             Appellant
v.

RICARDO MARTINEZ
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1:10-cv-03659)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted for Possible
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 29, 2012
Before:  RENDELL, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: April 30, 2012)
_____

OPINION
_____

PER CURIAM

The appellant, Richard Balter, is a federal prisoner currently housed at FCI

Beaumont in Beaumont, Texas.  He is serving a life sentence in connection with the

murder for hire of Richard Cohen.  The sentencing court also imposed a fine of $175,000

and ordered restitution in the amount of $112,511.  In 1996, we affirmed his conviction

and sentence. See generally United States v. Balter, 91 F.3d 427 (3d Cir.), cert. denied, 519 U.S. 1011 (1996).[1]

In late 2009, while housed at USP Allenwood, Balter filed a 28 U.S.C. § 2241 petition in the Middle District of Pennsylvania.[2] He claimed that the Bureau of Prisons (BOP) had imposed "sanctions" against him for his failure to acquiesce to the Inmate Financial Responsibility Program (IFRP). Balter argued that this was a violation of the Mandatory Victims Restitution Act (MVRA), which had established that the sentencing court was to be the source of "set[ting] schedule[s] of restitution payments" and that authority "cannot be delegated . . . to BOP." Balter sought "removal of all BOP imposed fee or [I]FRP collections against him" and cessation of sanctions. Nowhere in his petition, or in his other supporting documents in the District Court, did Balter explain the nature of the alleged "sanctions" in question.

We need not recount the balance of proceedings below. At some point, however, Balter's rationale shifted; he was not challenging the BOP's actions, he explained, but rather the District Court's error in "appoint[ing] the [BOP] as [its] collection agency." See Traverse 1, ECF No. 20. He claimed that this framing of his challenge relieved him

---

[1] Balter has pursued additional challenges to aspects of his conviction and sentence. See Balter v. United States, 410 F. App'x 428 (3d Cir. 2010) (per curiam, unpublished); United States v. Balter, 164 F. App'x 211 (3d Cir. 2005) (per curiam, unpublished) (affirming the denial of a motion for remission of restitution); see also C.A. No. 98-5440 (order entered Sept. 29, 2009) (denying certificate of appealability from motion to vacate).

[2] M.D. Pa. Civ. No. 3:09-cv-00504.

2

of the need to exhaust administrative remedies before filing his petition, as any attempt to do so would be futile.

Following a transfer to the District of New Jersey, the petition was denied by the District Court. See generally Balter v. Martinez, No. 10–3659, 2012 WL 82216 (D.N.J. Jan. 10, 2012). This appeal followed. We have appellate jurisdiction under 28 U.S.C. § 1291, exercising "plenary review over the District Court's legal conclusions and apply[ing] a clearly erroneous standard to its findings of fact." O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005) (per curiam). We may affirm on any ground supported by the record. Guthrie v. Lady Jane Collieries, Inc., 722 F.2d 1141, 1145 n.1 (3d Cir. 1983).

Under either theory of the case advanced by Balter, this habeas corpus petition fails and, as a result, was properly denied by the District Court. Assuming that he is attacking the IFRP, we note that he has never identified the "sanctions" to which he was allegedly subjected. However, his arguments on appeal suggest that he is complaining of the "withholding [of] benefits" that "satisfactory participation" in the IFRP would otherwise confer. Supp. to Appellant's Br. 2. These arguments are forestalled by case law that has repeatedly found the IFRP to be voluntary and lawful. See, e.g., United States v. Boyd, 608 F.3d 331, 334 (7th Cir. 2010); James v. Quinlan, 866 F.2d 627, 630 (3d Cir. 1989). Balter "ha[s] no entitlement, constitutional or otherwise, to any of the benefits agreeing to participate in the IFRP would provide, such as a work detail outside the prison perimeter, a higher commissary spending limit, a release gratuity, or pay

beyond the maintenance pay level." United States v. Lemoine, 546 F.3d 1042, 1049 (9th Cir. 2008).

Moving to Balter's alternative rationale—that he is attacking the District Court's failure to set a restitution schedule—his petition fails primarily because the proper time for challenging a restitution order is on direct appeal, and a § 2241 petition "cannot be used to challenge just the restitution part of a sentence when the custody supporting . . . jurisdiction is actual imprisonment." Arnaiz v. Warden, 594 F.3d 1326, 1330 (11th Cir. 2010); see also United States v. Sloan, 505 F.3d 685, 697 (7th Cir. 2007) ("Restitution orders that sweep too much conduct into their calculations are issues that must be raised on direct appeal . . . ."). The time for attacking the actual restitution order has long since passed.[3]

In sum, because this appeal fails to present a substantial question, we will affirm the judgment of the District Court. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R. 27.4; IOP 10.6.

---

[3] Even if Balter were able to attack the restitution order, he would not be able to do so under the MVRA or our intervening case law on the subject. The MVRA was enacted on April 24, 1996, and it applies only to "sentencing proceedings in cases in which the defendant is convicted on or after the date of enactment." United States v. Comer, 93 F.3d 1271, 1274 n.1 (6th Cir. 1996) (citations omitted); see also United States v. Edwards, 162 F.3d 87, 89 (3d Cir. 1998). But see United States v. Porter, 41 F.3d 68, 71 (2d Cir. 1994) (discussing improper delegation under the predecessor statute to the MVRA). Similarly, Balter cannot, in general, take advantage of new law arising after his conviction became final in 1996. See Reinhold v. Rozum, 604 F.3d 149, 153–54  (3d Cir. 2010).