

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-11-2008

# Duronio v. Gonzales

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2077

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Duronio v. Gonzales" (2008). *2008 Decisions.* Paper 541.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/541

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-2077

ROGER F. DURONIO,

Appellant

v.

B.O.P. DIRECTOR ALBERTO GONZALES, U.S. Attorney General; HARLEY
LAPPIN, Director, Federal Bureau of Prisons; JOHN YOST, Warden, FCI Loretto;
DENNIS MILLER; C-Unit Case Worker, FCI Loretto; TONY ECKENRODE, C-Unit
Counselor, FCI Loretto

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 3-07-cv-00169)
District Judge: Honorable Kim R. Gibson

Submitted Under Third Circuit LAR 34.1(a)
August 15, 2008

Before: RENDELL, JORDAN and VAN ANTWERPEN, Circuit Judges

(Filed: September 11, 2008)

OPINION

PER CURIAM

        This is an appeal from the District Court's dismissal of Roger F. Duronio's civil

complaint. For the following reasons, we will affirm the District Court's order.

Duronio was convicted of securities and computer fraud in the United States District Court for the District of New Jersey and sentenced to 97 months in prison and ordered to pay restitution in the amount of $3,162,376. The District Court ordered that the restitution be due immediately and recommended that Duronio participate in the Bureau of Prisons Inmate Financial Responsibility Program ("IFRP"). After being designated to the Federal Correctional Institution at Loretto, Pennsylvania to serve his sentence, Duronio met with Appellees Miller and Eckenrode regarding his participation in the IFRP. Duronio signed an IFRP Contract in which he agreed to pay $25 each quarter, beginning in March 2007, for payment of the court-ordered restitution. In April 2007, Duronio signed another contract in which he agreed to pay 50% of his inmate work earnings each month as IFRP payments. His direct appeal is still pending before our Court.

In July 2007, Duronio filed a <u>Bivens</u> action alleging that he was coerced into participating in the IFRP and further, that his participation violated the Mandatory Victims Restitution Act of 1996 ("MVRA") and his constitutional right to due process of law.[1] Duronio requested that any monies taken from him under the IFRP be returned. The District Court, adopting the Report and Recommendation of a Magistrate Judge, dismissed Appellant's complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6).

---

[1] In <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court recognized a private cause of action to recover damages against a federal agent for violations of constitutional rights.

Our standard of review of the District Court's dismissal under Rule 12(b)(6) is plenary. Atkinson v. LaFayette College, 460 F.3d 447, 451 (3d Cir. 2006). In reviewing the District Court's judgment we "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citations omitted).

We will affirm dismissal of Duronio's complaint, albeit for different reasons than given by the District Court. To the extent that Duronio is challenging the restitution plan imposed by the District Court or a violation of the MVRA, a direct appeal is the proper vehicle for asserting those claims. Duronio's Bivens action, claiming that his participation in the IFRP violates the MVRA, is barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that, if judgment in favor of a plaintiff in a civil suit under 42 U.S.C. § 1983 would necessarily imply the invalidity of a prior criminal conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.[2] Id. at 486-87. Duronio's direct appeal is currently pending in this Court. United States v. Duronio, C.A. No. 06-5116. Therefore, a judgment in his favor in this action would necessarily imply the invalidity of the District Court's order of restitution, which is part of his criminal

_____

[2] Although Heck involved a § 1983 action by a state prisoner, the reasoning in Heck has been applied to bar Bivens claims. See, e.g., Williams v. Hill, 74 F.3d 1339, 1341 (D.C. Cir. 1996) (per curiam).

sentence.  See, e.g., United States v. Edwards, 162 F.3d 87, 91 (3d Cir. 1998) (holding that restitution ordered under the MVRA constitutes punishment for the purposes of Ex Post Facto Clause analysis)

To the extent that Duronio challenges the execution of his sentence, he should ordinarily proceed under 28 U.S.C. § 2241.  See Matheny v. Morrison, 307 F.3d 709 (8th Cir. 2002) (claims under the IFRP's payment schedule are correctly framed as § 2241 claims brought in the district where the sentence is being carried out).  Assuming *arguendo* he may also proceed under Bivens, Duronio's complaint fails because his claims of coercion against Eckenrode and Miller are meritless.[3]  Duronio could have refused to participate in the IFRP without fear of being disciplined by prison authorities. As the Government correctly points out, had Durino declined to participate, he would have been placed in the administrative category of "IFRP Refuse".  While being in the "IFRP Refuse" category denies a prisoner certain privileges, it does not result in the imposition of discipline that would trigger a constitutionally protected interest.  See 28 C.F.R. 545.11(d) (listing the privileges denied to prisoners for refusing to participate in the IFRP); see also Sandin v. Conner, 515 U.S. 472, 484 (1995) (liberty interests created by prison regulations are limited to instances where such regulations impose atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life).

_____

[3] Duronio does not allege that any of the other defendants personally violated his constitutional rights.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*.")

Therefore, Eckenrode and Miller did not violate Duronio's constitutional rights by discussing the terms of the IFRP with him and encouraging him to sign a contract.

Accordingly, we will affirm the judgment of the District Court.