[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13295
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 29, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-22901-CV-MGC

ROBERT STEWART,

Petitioner-Appellant,

versus

FEDERAL BUREAU OF PRISONS,
Jorge L. Pastrana, Warden,
ANTHONY RICHARDSON,
Unit Manager,
WENDALL CARR,
Case Manager,
MARK JONES,
Unit Counselor,
AUSA US ATTORNEY'S OFFICE,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 29, 2010)

Before MARCUS, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Robert Stewart, a federal prisoner, appeals pro se the denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2241. Stewart argues that the district court in its order of restitution allegedly delegated its authority to establish restitution payments to the Bureau of Prisons and that the Bureau collected that restitution illegally. Stewart is not entitled to relief. We vacate and remand for the district court to dismiss Stewart's petition.

After the district court denied Stewart's petition, we held that an inmate cannot attack collaterally an order of restitution using section 2241. Arnaiz v. Warden, Fed. Satellite Low, 594 F.3d 1326 (11th Cir. 2010). Arnaiz was convicted of conspiracy to launder money and sentenced to imprisonment and restitution in excess of 24 million dollars. Id. at 1327. Arnaiz later filed a petition for a writ of habeas corpus to challenge his order of restitution, and the district court dismissed the petition on the ground that Arnaiz failed to satisfy the "savings clause" of the statute, 28 U.S.C. § 2255, that ordinarily governs collateral attacks of federal convictions. Id. at 1327–28. We agreed that a dismissal was

2

appropriate, but for another reason.  Id. at 1328.  We examined the historical purpose of habeas corpus, and we recognized that its remedy "remains tied to some form of relief from the petitioner's custody."  Id. at 1328–29; see Preiser v. Rodriguez, 411 U.S. 475, 484–85, 93 S. Ct. 1827, 1833 (1973).  We held that Arnaiz could not pursue habeas relief because "a successful challenge to the restitution part of his sentence would, in no way, provide relief for the physical confinement supplying the custody necessary for federal habeas jurisdiction." Arnaiz, 594 F.3d at 1329.

Based on Arnaiz, the district court lacked jurisdiction to consider Stewart's petition.  Stewart could not use a petition for a writ of habeas corpus "to challenge just the restitution part of a sentence when the custody supporting our jurisdiction is actual imprisonment."  Id.  at 1330.  We **VACATE** the order that denied Stewart's petition and **REMAND** for the district court to dismiss Stewart's petition.

**VACATED and REMANDED**.