[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10760
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 20, 2010
JOHN LEY
CLERK

D.C. Docket No. 9:99-cr-08078-WPD-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM ANDREW KINSEY, III,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 20, 2010)

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

William Andrew Kinsey, III, challenges the district court's dismissal of his

motion, which he had styled a "motion for clarification." In his motion, he argued

that the language of his judgment of conviction does not clearly indicate that his restitution payments are to begin while he is incarcerated. On appeal, he argues that the district court improperly dismissed his motion and characterized it as a successive motion to vacate filed pursuant to 28 U.S.C. § 2255.

Whether a district court has jurisdiction is a question of law subject to *de novo* or plenary review. *See, e.g.*, *United States v. Diaz-Clark*, 292 F.3d 1310, 1315 (11th Cir. 2002) (holding that a district court's determination of its jurisdiction to resentence a defendant is subject to plenary review). We may review a district court's jurisdiction *sua sponte*. *See United States v. Straub*, 508 F.3d 1003, 1008 (11th Cir. 2007).

Federal courts may "ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." *Castro v. United States*, 540 U.S. 375, 381, 124 S. Ct. 786, 791 (2003). "They may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." *Id.* at 381–82, 124 S. Ct. at 791–92 (internal citations omitted). However, before recharacterizing a motion as an initial § 2255 motion, the district court must provide the defendant with notice of its intended

2

recharacterization and an opportunity to withdraw or amend the motion. *Id.* at 384, 124 S. Ct. at 793. According to 28 U.S.C. § 2255(a):

> A prisoner in custody under sentence of a court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A federal prisoner who wishes to file a second or successive motion to vacate, set aside, or correct a sentence is required to move the Court of Appeals for an order authorizing the district court to consider such a motion. *See* 28 U.S.C. § 2255(h), *cross-referencing* 28 U.S.C. § 2244 (as amended).

However, an action brought pursuant to 28 U.S.C. § 2241 is the proper vehicle to challenge the execution of a sentence, rather than the validity of the sentence itself. *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008) (citation omitted). It is the appropriate means by which an inmate may challenge the Bureau of Prison's ("BOP") calculation and execution of his sentence. *See Bishop v. Reno*, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000). Unlike § 2255 motions, motions made pursuant to § 2241 must be brought "only in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991); 28 U.S.C. § 2241(d).

3

Kinsey did not contest the validity of the district court's order of restitution or underlying conviction in his motion. Indeed, were he to raise such a challenge under either § 2241 or § 2255, it would be foreclosed. *See Arnaiz v. Warden, Fed. Satellite Low*, 594 F.3d 1326, 1329–30 (11th Cir. 2010) (per curiam). Instead, he contests the administration of a concededly valid order. His motion does not fall within the ambit of § 2255, but it is an attack on the BOP's execution of his sentence, under § 2241. *See, e.g.*, *Bishop*, 210 F.3d at 1304 n.14 (considering the BOP's administration of service credits under § 2241, per 18 U.S.C. § 3624).

The Southern District of Florida is not the appropriate venue for Kinsey's motion because Kinsey was incarcerated at the federal penitentiary in Atlanta when he filed his motion. Petitions under § 2241 may be brought only in the district in which the inmate is incarcerated. *Fernandez*, 941 F.2d at 1495; 28 U.S.C. § 2241(d). Therefore, the District Court for the Southern District of Florida did not have jurisdiction to entertain a § 2241 motion for Kinsey. *See Fernandez*, 941 F.2d at 1495; 28 U.S.C. § 2241(d). If Kinsey is still incarcerated in Atlanta, the appropriate venue for his motion would be the District Court for the Northern District of Georgia. On remand, the district court may, in its discretion, consider transferring the case to the appropriate venue, pursuant to 28 U.S.C. § 1631. *See Dobard v. Johnson*, 749 F.2d 1503, 1507 (11th Cir. 1985); 28 U.S.C.

4

§ 2241(d).

Accordingly, we vacate the district court's order of dismissal and remand the case with instructions to proceed consistent with this opinion.

**VACATED and REMANDED.**