**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1719
_____

ROGER F. DURONIO,
                                        Appellant

v.

ROBERT WERLINGER, Warden, F.C.I. Loretto
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-09-cv-00289)
District Judge:  Honorable Kim R. Gibson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 17, 2011
Before:  JORDAN, HARDIMAN and ROTH, Circuit Judges

(Opinion filed: December 14, 2011)
_____

OPINION
_____

PER CURIAM

       Roger F. Duronio, a prisoner in the custody of the Federal Bureau of Prisons

(BOP), appeals an order of the District Court denying his 28 U.S.C. § 2241 habeas corpus

petition.  Having carefully reviewed the record, we are in full accord with the District

Court and will affirm its order.

Following a 2006 jury trial, Duronio was found guilty of securities fraud and computer fraud, and was sentenced to 97 months of confinement followed by three years of supervised release.[1] Other penalties included a $200.00 special assessment, "which shall be due immediately," and a restitution order. Duronio owed a total of $3,162,376 to UBS Financial Services, and the restitution order instructed:

> The restitution is due immediately. It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program [(IFRP, 28 C.F.R. §§ 545.10–.11)]. In the event the entire restitution is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of no less than $200.00, to commence 30 days after release from confinement. The Court waived the interest requirement on the restitution payment.

The order made no mention of Duronio's payment schedule during the period of incarceration.

Before briefs were filed in Duronio's direct appeal, he commenced a pro se civil-rights action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).[2] In that suit, Duronio maintained that the BOP had "deprived him of his constitutional right to due process of law under the Fifth Amendment . . . by setting [his] restitution schedule of payments and then coercing him to meet that schedule of payments under the [IFRP]." He claimed that this violated the

---

[1] See Judgment, United States v. Duronio, D.N.J. Crim. No. 2:02-cr-00933, ECF No. 135 (entered Dec. 20, 2006).

[2] See Compl., Duronio v. Gonzalez, W.D. Pa. Civ. No. 3:07-cv-00169, ECF No. 1 (entered July 6, 2007).

strictures of the Mandatory Victims Restitution Act (MVRA, 18 U.S.C. § 3664(f)). Duronio relied on our opinion in United States v. Coates, 178 F.3d 681 (3d Cir. 1999), in which we emphasized that "the fixing of restitution payments is a judicial act that may not be delegated to a probation officer." Id. at 685.

The District Court denied relief in April 2008, and we affirmed. First, we stressed that a direct appeal was the proper path for a challenge of the actual District Court restitution plan, as a Bivens remedy would violate the favorable-termination rule of Heck v. Humphrey, 512 U.S. 477, 486–87 (1994). Duronio v. Gonzales, 293 F. App'x 155, 157 (3d Cir. 2008). Second, "[t]o the extent that Duronio challenge[d] the execution of his sentence, he should ordinarily proceed under 28 U.S.C. § 2241." Id. We also explained to Duronio that, under the facts adduced, his claim of "coercion" lacked a proper legal foundation under Bivens: the privileges lost by failing to participate in the IFRP program would not "trigger a constitutionally protected interest." Id. Five months later, we affirmed Duronio's conviction and sentence. See generally United States v. Duronio, No. 06-5116, 2009 WL 294377 (3d Cir. Feb. 9, 2009).

Since that time, Duronio has commenced two further actions in the District Court: 1) the present case, a 28 U.S.C. § 2241 petition attacking the BOP's "unlawful modification" of Duronio's restitution schedule, see generally Duronio v. Yost, W.D. Pa. Civ. No. 3:09-cv-00289; and 2) a 28 U.S.C. § 2255 motion, see generally Mot. to Vacate, Duronio v. United States, D.N.J. Civ. No. 2:10-cv-01574, ECF No. 1 (entered Apr. 6,

3

2010), which is still pending at this time. After the District Court denied his § 2241 petition, Duronio took a timely appeal.

We have appellate jurisdiction under 28 U.S.C. § 1291, and to the extent that Duronio challenges the execution of his sentence with regard to the BOP's modification of a payment schedule, the claim falls within the purview of a § 2241 petition.[3] See McGee v. Martinez, 627 F.3d 933, 937 (3d Cir. 2010); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). We "exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact." O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005) (per curiam); see also United States v. Friedland, 83 F.3d 1531, 1542 (3d Cir. 1996) ("Our review of the district court's order denying . . . relief under 28 U.S.C. § 2241 is plenary.").

We agree with the Appellee that by "voluntarily[4] entering into the IFRP," Duronio "personally provided the BOP the authority to collect" restitution funds. We are aware of

_____

[3] To the extent that Duronio wished to contest the validity of the restitution order itself, such a challenge should have been made on direct appeal. Section 2241 "cannot be used to challenge just the restitution part of a sentence when the custody supporting . . . jurisdiction is actual imprisonment." Arnaiz v. Warden, 594 F.3d 1326, 1330 (11th Cir. 2010); see also United States v. Sloan, 505 F.3d 685, 697 (7th Cir. 2007) ("Restitution orders that sweep too much conduct into their calculations are issues that must be raised on direct appeal . . . .").

[4] Throughout, Duronio has maintained that he was functionally "coerced" into entering the IFRP program. As we have explained, however, the penalties associated with "IFRP refuse" status are "reasonably related to legitimate penological interests." See James v. Quinlan, 866 F.2d 627, 630 (3d Cir. 1989); see also Duronio, 293 F. App'x at 157. Further, Duronio "ha[s] no entitlement, constitutional or otherwise, to any of the benefits agreeing to participate in the IFRP would provide, such as a work detail outside the

4

no holding that would suggest that an inmate is prohibited from contributing additional monies to restitution he owes, especially when doing so—and being placed on IFRP status—confers benefits that would otherwise be lost. If we were to adopt instead Duronio's arguments about the IFRP's unconstitutionality, we would embrace the absurd result of an inmate being unable to gain program benefits because of an allegedly faulty (and potentially immutable) District Court order. We are not confronted with a situation in which a restitution program is being imposed upon Duronio against his will. "The IFRP can be an important part of a prisoner's efforts toward rehabilitation, but strictly speaking, participation in the program is voluntary[;] . . . an inmate in the Bureau of Prisons' custody may lose certain privileges by not participating in the IFRP, but the inmate's participation *cannot be compelled*." United States v. Boyd, 608 F.3d 331, 334 (7th Cir. 2010) (emphasis added). As we hold that Duronio's voluntary participation is determinative and necessarily defeats his claim, we do not need to reach the Appellee's alternative argument that the BOP may act to obtain restitution payments even under the improper delegation of authority we identified in United States v. Corley, 500 F.3d 210 (3d Cir. 2007), rev'd on other grounds, 556 U.S. 303 (2009).

Thus, for the foregoing reasons, we will affirm the judgment of the District Court.

---

prison perimeter, a higher commissary spending limit, a release gratuity, or pay beyond the maintenance pay level." United States v. Lemoine, 546 F.3d 1042, 1049 (9th Cir. 2008). To that end, we cannot find that he was coerced into IFRP compliance.