[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15259
Non-Argument Calendar
_____

D.C. Docket No. 6:11-cv-01731-MSS-GJK

ANESH GUPTA,

Plaintiff-Appellant,

versus

U.S. ATTORNEY GENERAL, ANY OTHER PERSON
HAVING PETITIONER IN CUSTODY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 31, 2012)

Before BARKETT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Anesh Gupta appeals the district court's dismissal, based on a lack of subject matter jurisdiction, of his habeas corpus petition filed pursuant to 28 U.S.C. § 2241, and the court's denial of his motion for a temporary restraining order and preliminary injunction.  Gupta, an alien residing in the United States, filed an application for adjustment of status in 2002.  When he filed for adjustment of status, he also filed an application for employment authorization, which was granted in 2002.  In 2009, the United States Citizenship and Immigration Services denied his application for adjustment of status, and Gupta's employment authorization was automatically terminated because removal proceedings were instituted.  On appeal, Gupta argues that the district court mischaracterized his petition as an attack on the discretionary denial of his application for adjustment of status under the Immigration and Nationality Act, when he actually was challenging the fact that he never received a hearing before his employment authorization was terminated.

We review <u>de novo</u> a district court's dismissal of a habeas corpus petition for lack of subject matter jurisdiction.  <u>Taylor v. United States</u>, 396 F.3d 1322, 1327 (11th Cir. 2005).  We can "affirm for any reason supported by the record, even if not relied on by the district court."  <u>Cochran v. U.S. Health Care Fin. Admin.</u>, 291 F.3d 775, 778 n.3 (11th Cir. 2002).

2

We have held that 28 U.S.C. § 2241 "is the statutory grant of authority to federal courts to issue the writ when certain jurisdictional prerequisites are satisfied." Arnaiz v. Warden, Fed. Satellite Low, 594 F.3d 1326, 1328 (11th Cir. 2010).  One of these jurisdictional prerequisites is that the petitioner must be in custody.  Patel v. U.S. Att'y Gen., 334 F.3d 1259, 1263 (11th Cir. 2003).  When determining whether habeas corpus is available, the Supreme Court "has generally looked to common-law usages and the history of habeas corpus both in England and in this country." Jones v. Cunningham, 371 U.S. 236, 238, 83 S. Ct. 373, 375 (1963).

Regardless of precisely how the district court characterized Gupta's arguments, Gupta has failed to show that he is in custody.  A review of cases from our Court and the Supreme Court revealed no case that extended the "in custody" requirement to employment situations.  In Arnaiz, we noted that habeas corpus has historically been used to review executive detention, and that "it is in that context that its protections have been strongest." Arnaiz, 594 F.3d at 1328-29.  Because of this historical context, habeas corpus jurisdiction requires some form of custody.  Id.  Imprisonment is the usual context of habeas corpus, but the Supreme Court has noted that there was historical support for habeas corpus relief where a person's movements are otherwise sufficiently restrained, such as where (1) a

3

woman's guardians were keeping her away from her husband, (2) an indentured girl was assigned to another man for "bad purposes," (3) a parent was attempting to obtain custody of a child from the other parent, or (4) a person was challenging conscription into the military. Jones, 371 U.S. at 238-40, 83 S. Ct. at 375-76; see also Patel, 334 F.3d at 1263 ("There must be a significant restraint on the petitioner's liberty to satisfy this 'custody' requirement.")

We have also determined that petitioners challenging fines, restitution, or revocation of a driver's license were not in custody for habeas corpus purposes. See Arnaiz, 594 F.3d at 1330; Duvallon v. Florida, 691 F.2d 483, 485 (11th Cir. 1982); Westberry v. Keith, 434 F.2d 623, 624-25 (5th Cir. 1970).

Here, Gupta has not explained how he is in custody. He is not in any traditional form of custody such as imprisonment, nor are his movements or liberties significantly restrained. See Patel, 334 F.3d at 1263. Indeed, his requested form of relief is a court order permitting him to work in the United States, rather than an order seeking his release from anyone's custody. See Arnaiz, 594 F.3d at 1329 (noting that typical habeas corpus remedy is release from custody). Because Gupta has not demonstrated how the lack of employment authorization equates to being "in custody" for § 2241 purposes, the district court properly concluded that it did not have jurisdiction to consider Gupta's § 2241

4

petition.  See Patel, 334 F.3d at 1263.  Because it lacked jurisdiction over this matter, the district court also correctly concluded that it could not issue a temporary restraining order or a preliminary injunction.

**AFFIRMED.**