**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3101
_____

SA'EEDU MASSAQUOI,
Appellant

v.

JEFFREY THOMAS, WARDEN

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 12-cv-05523)
District Judge:  Honorable Petrese B. Tucker

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 26, 2013

Before: SMITH, CHAGARES and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  October 7, 2013)
_____

OPINION
_____

PER CURIAM

Sa'eedu Massaquoi, proceeding pro se, appeals from the denial of his habeas petition under 28 U.S.C. § 2241 as moot.  We will construe the District Court's order as dismissing his petition for lack of jurisdiction on that basis, and will affirm.

Massaquoi was convicted in the District Court for the Eastern District of Pennsylvania (the "Eastern District") of various charges relating to two armed bank robberies. In addition to an aggregate prison term of 646 months, he was ordered to pay a $900 assessment and $195,809.90 in restitution. The Bureau of Prisons ("BOP") determined that these amounts were due immediately and presented Massaquoi with an Inmate Financial Plan ("IFP") requiring quarterly restitution payments of $35.00. In August 2012, Massaquoi filed a § 2241 habeas petition in the District Court for the Middle District of Pennsylvania (the "Middle District"), where he is incarcerated. In it he argued that the BOP exceeded its authority by crafting its own schedule of restitution payments absent a judicially mandated schedule. By way of relief, Massaquoi sought the return of the restitution money that had been collected and relief from future compliance with the IFP.

After Massaquoi filed his habeas petition, the BOP conducted its own investigation of his claims and determined that its IFP was erroneously calculated. Massaquoi's restitution order did indicate that the payment of these fines was due in full immediately, but it also included a special instruction that "the defendant is required to make payments on account of these obligations to the extent of at least 50% of his prison earnings" and that "restitution be paid first to the citizen victims, and second to the banks from which the money was stolen." In light of those special instructions, the BOP recalculated Massaquoi's obligations and presented him with an amended IFP requiring quarterly payments of $104.00. Although he does not argue that this recalculation was erroneous, Massaquoi has refused to sign the new contract.

In its response to the habeas petition, the BOP argued that the petition should be denied

in light of its correction of the erroneous calculation of Massaquoi's obligations.  In the alternative, the BOP requested that the case be transferred to the Eastern District, where Massaquoi was sentenced.  The Middle District then transferred the petition to the Eastern District under 28 U.S.C. § 1404(a).  In May 2013, the Eastern District issued an Order denying Massaquoi's petition as moot, noting that the BOP had already admitted and rectified its error in calculating Massaquoi's obligations.  In June 2013, the District Court denied Massaquoi's request to alter or amend the May 2013 judgment.  Massaquoi now appeals.[1]

As an initial matter, we must examine the nature of Massaquoi's petition.  The crux of his claim appears to be a challenge to the alleged failure of the sentencing court to set a restitution schedule.  However, the proper time for attacking errors in a restitution order is on direct appeal, and a § 2241 petition "cannot be used to challenge just the restitution part of a sentence when the custody supporting . . . jurisdiction is actual imprisonment."  Arnaiz v.

---

[1] District courts are limited to granting habeas relief "within their respective jurisdictions," 28 U.S.C. § 2241(a), and a court issuing a writ therefore must have jurisdiction over the petitioner's custodian. Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004).  Thus, § 2241 petitions challenging the execution of a federal sentence generally must be filed in the district of confinement, which in this case is the Middle District. See McGee v. Martinez, 627 F.3d 933, 937 (3d Cir. 2010); Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009) (citing Padilla, 542 U.S. at 443).  Neither of the courts below addressed whether the Eastern District had jurisdiction under § 2241 in light of that rule, i.e., whether that court had jurisdiction over Warden Thomas, Massaquoi's custodian. Ordinarily we would have an obligation to address that issue ourselves, but we need not do so in this case because we agree that Massaquoi's petition is moot and conclude that the Eastern District lacked jurisdiction for that independent reason. See Bass v. Butler, 258 F.3d 176, 180 n.4 (3d Cir. 2001) (noting that there is "'no unyielding jurisdictional hierarchy'" and that a court may decide the jurisdictional issue of mootness before reaching a more complicated jurisdictional issue) (quoting Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 578 (1999)).  We have jurisdiction under 28 U.S.C. § 1291 because a certificate of appealability is not required to review the denial of a § 2241 petition brought by a federal prisoner. See Burkey, 556 F.3d at 146.  Our review of the issue of mootness is plenary. See id.

3

Warden, 594 F.3d 1326, 1330 (11th Cir. 2010); see also United States v. Sloan, 505 F.3d 685, 697 (7th Cir. 2007) ("Restitution orders that sweep too much conduct into their calculations are issues that must be raised on direct appeal. . . ."). Thus, any alleged error in Massaquoi's sentence was not properly raised in a § 2241 petition and was not before the District Court.[2]

Construed liberally, see Haines v. Kerner, 404 U.S. 519, 520–21 (1972) (per curiam), Massaquoi's petition may also be read to claim that the IFPs at issue were illegal and invalid. A BOP-imposed payment schedule and the sanctions imposed for noncompliance are part of the execution of a sentence, and this claim therefore falls within the purview of a § 2241 petition. See McGee, 627 F.3d at 937; Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). "In order to challenge the execution of his sentence under § 2241, [Massaquoi] would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012).

Massaquoi is correct that, under the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663, sentencing courts may not delegate the scheduling of restitution payments to the BOP because the fixing of restitution payments is an exclusively judicial act. See United States v. Corley, 500 F.3d 210, 225 (3d Cir. 2007), vacated on other grounds, 556 U.S. 303 (2009); United States v. Coates, 178 F.3d 681, 684-85 (3d Cir. 1999). But Massaquoi's sentence

---

[2] Likewise, to the extent Massaquoi sought money damages, i.e., the return of money he had paid towards his restitution, a § 2241 petition is the improper form for that claim; he should have filed a civil rights claim under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). However, even if we were to consider this aspect of Massaquoi's petition as a civil rights claim, it would be barred by Heck v. Humphrey, 512 U.S. 477, 484-87 (1994). A Bivens claim for money damages that "would necessarily imply the invalidity of [Massaquoi's] conviction or sentence," may only be brought after the conviction or sentence has already been invalidated. Id. at 487; see Lora-Pena v. FBI, 529 F.3d 503, 505 n.2 (3d Cir. 2008) (applying the Heck bar to a Bivens claim).

included no such delegation. Rather, it appears that Massaquoi and the BOP both simply overlooked the sentencing court's special instructions. For its part, the BOP has corrected this oversight, and Massaquoi does not argue that the new IFP is "somehow inconsistent with . . . the sentencing judgment." Cardona, 681 F.3d at 537. In light of that correction, the Eastern District determined that Massaquoi's petition is moot. We agree.

"Article III requires that a plaintiff's claim be live not just when he first brings the suit but throughout the entire litigation, and once the controversy ceases to exist the court must dismiss the case for lack of jurisdiction." Lusardi v. Xerox Corp., 975 F.2d 964, 974 (3d Cir. 1992). Generally, a "voluntary cessation of allegedly illegal conduct . . . does not make the case moot." Los Angeles Cnty v. Davis, 440 U.S. 625, 631 (1979). (quotation marks omitted). However, "a case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189 (2000) (quotation marks omitted). Here, the BOP's erroneous conduct occurred solely because it was unaware of the special instructions attached to Massaquoi's sentencing judgment. Because the BOP is now cognizant of those instructions and has corrected the inconsistency between the IFP and the sentencing judgment, we are satisfied that its previous noncompliance is not reasonably likely to recur. Accordingly Massaquoi's challenge to the execution of his sentence—the only issue properly raised in his petition—is moot.

We will therefore construe the Eastern District's denial of Massaquoi's § 2241 petition as a dismissal for lack of jurisdiction. So construed, we will affirm.

5