**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1757
_____

ANTHONY L. VIOLA,
                              Appellant

v.

WARDEN MCKEAN FCI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 17-cv-00214)
District Judge:  Honorable Nora B. Fischer
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 25, 2018

Before:  GREENAWAY, Jr., BIBAS, and ROTH, Circuit Judges

(Opinion filed: February 15, 2019)

_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Anthony Viola appeals the District Court's order dismissing his petition filed pursuant to 28 U.S.C. § 2241. For the reasons below, we will affirm the District Court's order.

The factual background and the details of Viola's claims are well known to the parties, set forth in the District Court's opinion, and need not be discussed at length. Briefly, in 2012, Viola was sentenced in the United States District Court for the Northern District of Ohio to 150 months in prison after being convicted of thirty-three counts of wire fraud and two counts of conspiracy. He was also ordered to pay over $2.6M in restitution. After Viola filed multiple "repetitive and baseless" challenges to his conviction and sentence, the District Court enjoined Viola from filing any motions in his criminal action unless he received permission from the United States Court of Appeals for the Sixth Circuit to file a second or successive motion pursuant to 28 U.S.C. § 2255. In 2017, Viola filed the § 2241 petition at issue here in the United States District Court for the Western District of Pennsylvania. The District Court dismissed the petition for lack of jurisdiction. Viola filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's legal conclusions. Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). Under the explicit terms of § 2255, a § 2241 petition cannot be entertained by a court unless a § 2255 motion would be "inadequate or ineffective." Id.

In his brief, Viola raises two arguments. First, he appears to argue that after being convicted in federal court, he was acquitted of identical charges in state court. He

2

contends that this demonstrates his actual innocence. He raised this argument in an unsuccessful motion for a new trial in his federal criminal proceedings. See United States v. Viola, No. 1:08 CR 506, 2012 WL 3044295, *1 (N.D. Ohio July 25, 2012). He also raised it in an unsuccessful motion to vacate his conviction filed pursuant to 28 U.S.C. § 2255. See United States v. Viola, No. 1:08 CR 506, 2015 WL 7259783, at *3 (N.D. Ohio Nov. 17, 2015) ("An acquittal on state charges is equally insufficient to establish that he was actually innocent of the federal charges."). In his § 2241 petition, Viola simply seeks to relitigate his prior challenges to his conviction. That he did not receive relief on his § 2255 motion does not demonstrate that such a motion was "inadequate or ineffective" but rather that Viola's arguments were without merit. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative. Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended §2255." Cradle, 290 F.3d at 539 (citation omitted).

We have held that a defendant may proceed via a § 2241 petition if a court's subsequent statutory interpretation renders the defendant's conduct no longer criminal and he did not have an earlier opportunity to raise the claim. Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Here, however, there has been no intervening change in any substantive law which would render Viola's wire fraud no longer criminal.

3

Viola's second argument is that his sentence is being executed improperly because restitution is being paid to "non-victims." While a federal prisoner can use a § 2241 petition to challenge the *execution* of his sentence, see Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012), a § 2241 petition cannot be used to challenge the *imposition* of the restitution portion of a sentence. See Arnaiz v. Warden, 594 F.3d 1326, 1330 (11th Cir. 2010) (per curiam). Viola is not challenging the manner in which he has to pay his financial obligations. See McGee v. Martinez, 627 F.3d 933, 937 (3d Cir. 2010) (allowing prisoner to use § 2241 petition to challenge increase in quarterly deduction from his account towards monetary portion of criminal judgment). But even if this claim did concern the execution of Viola's restitution and was cognizable in a § 2241 petition, Viola has not shown how he has been prejudiced. He has not alleged that any payments he has made have not been credited against the financial obligations of his sentence.[1]

---

[1] Viola makes several meritless assertions that are unsupported by his own exhibits. While he claims that the Government collected restitution but retained those funds for "costs of prosecution," the document he submits in support is from a codefendant's criminal proceedings in a *state* court in Ohio and not the *federal* court which oversaw Viola's criminal proceedings. He also alleges that a codefendant made a payment to the restitution amount for which they are jointly and severally liable but "that payment does not seem to be credited towards restitution." In support, he submitted a "journal entry" from a *state* court in Ohio, indicating that Viola's codefendant had been *ordered* to pay $1M of restitution, not that he had *paid* that amount. Additionally, he claims that the task force that prosecuted him has collected over $15M in restitution that is unaccounted for. However, the author of the letter Viola submitted as support for that number merely states that courts had *ordered* restitution totaling that amount, not that it had been *collected*. Viola claims that he contacted the victims listed in the restitution orders and they were not aware of any funds collected from Viola being sent to them. But in support, he attaches a response from the customer service department of a loan servicer simply informing Viola that he did not submit enough information for them to respond to

For the above reasons, the District Court did not err in determining that it lacked jurisdiction over Viola's § 2241 petition. Accordingly, we will affirm the District Court's judgment. The motion by S. Bruce Hiran to file an amicus brief and to file the brief out of time is denied. Hiran's brief does not address the issue on appeal: whether Viola may bring his claims in a § 2241 petition. <u>See</u> Fed. R. App. P. 29(a)(3)(B) (motion for leave to file must state "why the matters asserted are relevant to the disposition of the case.")

---

his request.