[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————————

No. 24-13228

Non-Argument Calendar

————————————————

ROBERT MARVIN HARRIS,

                                        Petitioner-Appellant,

*versus*

WARDEN, FCC COLEMAN USP I,

                                        Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:23-cv-00366-PGB-PRL

————————————————

Before WILLIAM PRYOR, Chief Judge, and LAGOA and WILSON, Circuit Judges.

PER CURIAM:

Robert Harris appeals *pro se* the dismissal with prejudice and denial of his petition for a writ of habeas corpus, 28 U.S.C. § 2241, and the denial of his Federal Rule of Civil Procedure 59(e) motion. He argues the district court erred by ruling it lacked jurisdiction over several of his claims and denying his remaining claims and abused its discretion by denying his Rule 59(e) motion. We vacate and remand for the district court to dismiss without prejudice the claims it lacked jurisdiction to consider, but otherwise affirm.

In 1999, Harris was convicted of conspiring to import and possessing with intent to distribute cocaine and marijuana and sentenced to concurrent terms of 600 months of imprisonment. In 2000, he was convicted of conspiring to distribute cocaine, conspiring to commit money laundering, and maintaining a place to manufacture and distribute crack cocaine and was sentenced to a concurrent life term. In 2001, he filed a motion to vacate, 28 U.S.C. § 2255, which the district court denied with prejudice. He filed other motions to vacate, which were dismissed as successive.

In 2023, Harris filed an amended petition for a writ of habeas corpus. *Id.* § 2241. He raised 13 grounds for relief. Six grounds concerned his 1999 convictions and asserted that the district court improperly enhanced his sentence, the statute of conviction did not prohibit his conduct, the district court improperly ordered

forfeiture, and his trial and appellate counsel were ineffective. Five grounds concerned his 2000 convictions and asserted that his indictment did not specify a drug quantity, his convictions violated the Double Jeopardy Clause and were unsupported by sufficient evidence, and his trial and appellate counsel were ineffective. In two grounds, he sought jail credit time and good-time credit.

The district court dismissed the petition for lack of jurisdiction, but only ruled on four claims. We vacated the district court's order and remanded to consider all of Harris's claims. *See Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (en banc). On remand, the district court considered all the claims in his petition. It dismissed his petition with prejudice as to the eleven claims challenging his 1999 and 2000 convictions because it lacked jurisdiction under the saving clause, 28 U.S.C. § 2255(e), as those claims challenged the validity of his convictions and sentences and could have been brought in a motion to vacate. It denied his claims seeking jail and good-time credits because he was statutorily ineligible to receive good-time credit while serving a life sentence and his argument regarding jail credit time depended on his life sentence being recalculated based on his challenges to the underlying convictions.

Harris moved for reconsideration. He argued he did not have a genuine opportunity to raise his claims in a motion to vacate, the district court did not follow our instructions on remand, and the district court should have dismissed his petition without prejudice. The district court denied his motion.

We review *de novo* whether a prisoner may petition for a writ of habeas corpus under the saving clause of section 2255(e). *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc). We review the denial of a section 2241 petition *de novo*. *Santiago-Lugo v. Warden*, 785 F.3d 467, 471 (11th Cir. 2015). We review the denial of a Rule 59(e) motion for abuse of discretion. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). A Rule 59(e) motion may only be based upon newly discovered evidence or manifest errors of law or fact. *Id.*

A federal prisoner who wishes to collaterally challenge his sentence is ordinarily required to file a motion to vacate, instead of a petition for a writ of habeas corpus. *McCarthan*, 851 F.3d at 1081. The saving clause allows a prisoner to file a section 2241 petition if "the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). A prisoner cannot satisfy the saving clause if he would have been permitted to bring the claim in a motion to vacate. *McCarthan*, 851 F.3d at 1086–87. But a motion to vacate is inadequate or ineffective to challenge the execution of a sentence, including claims about good-time credits. *Id.* at 1092–93. A district court can exercise jurisdiction over a section 2241 petition only if the saving clause applies. *See id.* at 1080. A dismissal for lack of subject-matter jurisdiction must be entered without prejudice. *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

The district court did not err in dismissing eleven of Harris's claims and denying the other two. Harris is wrong that the district

24-13228                Opinion of the Court                5

court failed to comply with our mandate on remand because it addressed all of his claims for relief. *See Clisby*, 960 F.2d at 936. And it did not err in denying his claims seeking jail credit time and good-time credit. It had jurisdiction to consider those claims. *See McCarthan*, 851 F.3d at 1092–93. But Harris was statutorily ineligible for good-time credit while serving a life sentence. *See* 18 U.S.C. § 3624(b)(1). And his claim for jail credit time required that he successfully challenge his life sentence.

It also did not err in ruling that it lacked subject-matter jurisdiction over Harris's eleven claims challenging his convictions. Harris's forfeiture claim was not cognizable because it involved a noncustodial aspect of his sentence. *See Arnaiz v. Warden*, 594 F.3d 1326, 1329 (11th Cir. 2010) (holding a section 2241 petition cannot be used to challenge noncustodial aspects of a sentence such as restitution). And the district court lacked jurisdiction to consider his other claims challenging the validity of his underlying convictions and sentence because they could have been brought in a motion to vacate. *See McCarthan*, 851 F.3d at 1086–87. The district court did err by dismissing Harris's entire petition with prejudice because the eleven claims over which it lacked jurisdiction should have been dismissed without prejudice. *See Stalley*, 524 F.3d at 1232. It abused its discretion by denying his Rule 59(e) motion for the same reason.

We **VACATE** the district court's judgment and **REMAND** with instructions to enter a dismissal without prejudice as to the grounds that it lacked jurisdiction to consider, but we otherwise affirm. We **DENY** Harris's motion for judicial notice.