[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 27, 2009
THOMAS K. KAHN
CLERK

No. 07-14953
Non-Argument Calendar

_____

D. C. Docket Nos. 05-60119-CV-PAS, 00-06309-CR-PAS

JOHN MAMONE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 27, 2009)

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

John Mamone, a federal prisoner serving a 115-month sentence following his guilty plea on one count of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence. We granted a certificate of appealability as to whether the district court erred in denying Mamone's claim challenging his restitution order.

On appeal, Mamone argues his restitution amount was improperly assessed and the case needs to be remanded for a "thorough [r]estitution [h]earing." He argues the restitution order was illegal for a number of reasons, including: (1) it violated 18 U.S.C. §§ 3663 and 3664, (2) he was never provided with a list of victims and corresponding loss amounts, (3) lack of proof, and (4) he was not legally responsible for some of the alleged offenses resulting in restitution. He contends the district court improperly calculated the sentencing guidelines because the guidelines should have used the conspiracy to commit money laundering provision as opposed to the provision that applies to substantive acts of money laundering. Finally, he argues he received ineffective assistance of counsel at both the trial and appellate levels. In his reply brief, he contends a § 2255 motion is the proper vehicle to challenge the restitution order.[1]

---

[1] Normally, we will not address an argument raised for the first time in a reply brief. *United States v. Levy*, 379 F.3d 1241, 1244 (11th Cir. 2004). Nonetheless, we view Mamone's initial arguments regarding the restitution amount as constituting an implicit argument that

With regard to a district court's denial of a 28 U.S.C. § 2255 motion to vacate, we review legal conclusions *de novo* and findings of fact for clear error. *Devine v. United States*, 520 F.3d 1286, 1287 (11th Cir. 2008).

The statute states,

> [a] prisoner in custody under sentence of a court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

In *Blaik v. United States*, a federal prisoner sought to have the restitution portion of his sentence reduced under § 2255. 161 F.3d 1341, 1342-43 (11th Cir. 1998). We held "§ 2255 cannot be utilized by a federal prisoner who challenges *only* the restitution portion of his sentence." *Id.* at 1343 (emphasis added). Focusing on the "claiming the right to be released" language from § 2255, we noted that, if we granted the restitution reduction, we would be taking an action

---

§ 2255 is the proper vehicle. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

3

"that is not authorized by the plain language of the statute" because a restitution reduction did not constitute release from custody. *Id.* at 1342.

In *Kaminski v. United States*, the Second Circuit, citing our opinion in *Blaik*, agreed that § 2255 could not be used to bring a collateral challenge addressed solely to noncustodial punishment, such as restitution. 339 F.3d 84, 87 (2d Cir. 2003). The Second Circuit went on to address whether challenges to noncustodial punishment were cognizable under § 2255 when joined with challenges to custody. *See id.* ("Kaminski's petition not only attacks the restitution order, it also contains claims that his sentence of *incarceration* was, in part, illegal."). Kaminski proposed an interpretation of § 2255, in which a motion seeking release may also request that other, noncustodial aspects of one's sentence be vacated, set aside or corrected; the government proposed an interpretation, in which § 2255 would be limited to attacking custodial aspects of sentences. *Id.* at 87-88. The Second Circuit held that habeas claims are designed to attack wrongful custodies, and there was no reason why the presence of a plausible claim against custodial punishment would make a noncustodial punishment more amenable to collateral review. *Id.* at 89. "Collateral relief from noncustodial punishments is not made more readily available to a petitioner just because that petitioner happens at the time to be subject also to custodial penalties." *Id.*

The Ninth Circuit addressed a similar situation where non-cognizable claims, such as relief from restitution, were brought in a motion that contained cognizable claims for release from custody. *United States v. Thiele*, 314 F.3d 399, 400 (9th Cir. 2002). It held that cognizable claims under § 2255 do not "run interference" for non-cognizable claims, and, thus, claims seeking relief other than release from custody cannot be brought pursuant to § 2255. *Id.* at 402. The proper focus was on the relief sought in the claim itself, not other claims mentioned in the motion. *Id.*

We have never addressed the precise issue of whether restitution can be challenged in a § 2255 motion if cognizable claims seeking release from custody are also raised. Our holding in *Blaik*, however, supports our conclusion that Mamone cannot utilize § 2255 to challenge his restitution. *See Blaik*, 161 F.3d at 1343 (holding that "§ 2255 cannot be utilized by a federal prisoner who challenges only the restitution portion of his sentence"). In *Blaik*, we also noted that granting a restitution reduction in a § 2255 motion would be taking an action clearly not authorized by the statute's language. *Id*. at 1342; 28 U.S.C. § 2255(a). This same reasoning applies here. The plain language of the statute indicates § 2255 applies to "a prisoner in custody . . . claiming the right to be released." 28 U.S.C. § 2255. As the Ninth Circuit determined in *Thiele*, "[n]on-cognizable claims do not morph

5

into cognizable ones by osmosis." 314 F.3d at 402. We agree, and conclude the presence of a cognizable claim against Mamone's custodial punishment does not make his non-cognizable claims more amenable to our review.

Moreover, allowing a contrary rule could result in incongruent access to federal habeas review. *See United States v. Segler*, 37 F.3d 1131, 1137 (5th Cir. 1994) ("A convicted defendant who receives an allegedly erroneous fine because of constitutionally inadequate assistance of counsel cannot seek post-conviction relief under § 2255 and neither should a petitioner who is both fined and imprisoned have the opportunity to assert an identical fine-related claim under § 2255."); *Smullen v. United States*, 94 F.3d 20, 25-26 (1st Cir. 1996) (adopting the congruence rationale) (citation omitted). Such a result would be unwarranted by the language and purpose of § 2255, which has a uniform focus on custodial sentences. *See* 28 U.S.C. § 2255. Further, such incongruence "would encourage petitioners to bring frivolous claims against sentences of incarceration when, in fact, the only colorable claims available are against restitution orders." *Kaminski*, 339 F.3d at 88. Finally, other circuits addressing the precise issue at hand have held the presence of cognizable claims did not make non-cognizable claims suddenly meritorious in the context of a § 2255 petition. *Id.* at 89; *Thiele*, 314 F.3d at 402; *see also Virsnieks v. Smith*, 521 F.3d 707, 721-22 (7th Cir. 2008)

(relying on § 2255 cases to conclude a petitioner under § 2244 cannot bypass the "in custody" requirement simply because the petition includes an independent, cognizable claim).

Based on this Court's prior precedent, the statutory language, and sister circuit authority, the district court did not err in refusing to address Mamone's restitution challenge in the context of his § 2255 motion. Despite the presence of claims challenging his custody and requesting release from custody, the restitution claim did not seek release from custody and was rightly denied by the district court.

**AFFIRMED.**