[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 25, 2012
JOHN LEY
CLERK

_____

No. 09-11935

_____

D.C. Docket No. 06-00517-CV-BBM

RAYMOND BURGESS,

Petitioner-Appellant,

versus

WARDEN WILLIAM TERRY,
Georgia Diagnostic and Classification
Prison,

Respondent-Appellee,

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 25, 2012)

Before CARNES, BARKETT, and HULL, Circuit Judges.

PER CURIAM:

Georgia death row inmate Raymond Burgess was convicted in the Superior

Court of Douglas County, Georgia in 1992 for one count of malice murder, three counts of armed robbery, and five counts of kidnapping. The sentences he received for those crimes included a death sentence for the malice murder conviction. This is his appeal from the district court's judgment denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus involving those convictions and his sentences for them.

A summary of the facts of the case and a recitation of some of the evidence against Burgess can be found in the Georgia Supreme Court's opinion affirming his convictions and sentences. See Burgess v. State, 450 S.E.2d 680, 686–87 (Ga. 1994). A state trial court issued a sixty-five page final order denying Burgess' petition for a state writ of habeas corpus. Burgess v. Turpin, No. 95-V-656 (Ga. Butts Cnty. Super. Ct. Sept. 12, 2003). In the course of denying Burgess' federal habeas petition the district court issued three orders, totaling more than 250 pages, that thoroughly discuss the issues and explain in detail the reasons the court denied the writ. See Burgess v. Terry, No. 1:06-CV-517 (N.D. Ga. Mar. 16, 2009); Burgess v. Terry, No. 1:06-CV-517 (N.D. Ga. July 22, 2008); Burgess v. Terry, No. 1:06-CV-517 (N.D. Ga. Mar. 19, 2007).

We have studied those orders of the district court, the state collateral court order, and the Georgia Supreme Court's opinion. We have also read and

considered the lengthy briefs that were filed in this Court and the relevant parts of the record, and we have had the benefit of oral argument.

The issues in this appeal involve the application of well-established law to the facts of this particular case. We will not repeat here what has been said elsewhere but instead will simply state our decision of the issues on which a certificate of appealability was granted.

The issue involving the constitutionality of Georgia's requirement that a capital defendant prove mental retardation beyond a reasonable doubt was decided in Hill v. Humphrey,  662 F.3d 1335 (11th Cir. 2011) (en banc), petition for cert. filed (U.S. Apr. 20, 2012) (No. 11-10109). The Hill decision forecloses Burgess' claim that Georgia's burden of proof standard is unconstitutional. To the extent that Burgess also claims that even if that standard is not unconstitutional he is entitled to have it re-applied and the question of whether he is mentally retarded determined again in federal court, that claim has no merit. There is nothing in Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242 (2002), or any other decision we are aware of, that requires a state court jury's pre-Atkins determination of mental retardation to be re-done simply because the Atkins decision was issued after that determination was made in state court.

Burgess' Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194 (1963), claim

3

involves ten items (or eleven, depending on how two typed copies of one statement are counted) of evidence in existence before the trial that he contends were exculpatory and were suppressed. It also involves one item of evidence, the Williams statement, that did not exist until weeks after the trial but which Burgess nonetheless contends was suppressed. See Burgess, slip op. at 21–27 (N.D. Ga. Mar. 16, 2009); Burgess, slip op. at 14–15 (N.D. Ga. July 22, 2008); Burgess, slip op. at 41–45 (N.D. Ga. Mar. 19, 2007); Burgess, slip op. at 6–8 (Ga. Butts Cnty. Super. Ct. Sept. 12, 2003).

As to the items that existed at the time of trial, we need not decide if they were exculpatory or if they were suppressed, because even assuming that they were we are convinced that Burgess has failed to establish the materiality prong of a Brady claim.[1] The evidence of Burgess' guilt was overwhelming and five different statutory aggravating circumstances supported the death sentence. Those five aggravating circumstances are: "the murder was committed by a person with a prior record of conviction of murder; the murder was committed by a person with a prior record of conviction for armed robbery; the murder was

---

[1] At least one of the items of evidence that is involved in the Brady claim did come out at trial and was used by Burgess' counsel in cross-examination, but Burgess claims that he could have used it more effectively if it had been disclosed before trial. We have factored into our materiality decision an estimate of the effect of the delay in counsel learning about that evidence.

committed while [Burgess] was engaged in the commission of armed robberies against three separate victims; the murder was committed while [he] was in the commission of a burglary; and, the murder was committed by [him] for the purpose of receiving money or other things of monetary value." Burgess, 450 S.E.2d at 695–96 (statutory citations omitted). Not only were there five different statutory aggravating circumstances, but the murder was committed less than a year after Burgess was released from prison on parole from a previous murder conviction. See id. at 687; Burgess, slip op. at 76 (N.D. Ga. July 22, 2008). Assuming that all ten or eleven items of evidence were favorable to Burgess and were suppressed, there is no reasonable probability of a different result if they all had been produced well in advance of trial; our confidence in the outcome is not undermined by the failure to disclose those items of evidence at all (or to disclose earlier any of them that were disclosed during trial). See Kyles v. Whitley, 514 U.S. 419, 434–35, 115 S.Ct. 1555, 1565–66 (1995); United States v. Bagley, 473 U.S. 667, 678, 105 S.Ct. 3375, 3381 (1985). In making this decision, we have considered the effect of the suppression of all ten or eleven of the items of evidence cumulatively. See Kyles, 514 U.S. at 434, 436–37 & n.10, 115 S.Ct. at 1566–67 & n.10; Allen v. Sec'y, Fla. Dept. of Corr., 611 F.3d 740, 746 (11th Cir. 2010).

As to the Williams statement, however, we do not assume suppression because it is clear that there can be no suppression of evidence that does not exist at the time of trial or sentencing. See Halliwell v. Strickland, 747 F.2d 607, 609–10 (11th Cir. 1984) (holding that there can be no Brady violation where the evidence is unknown to the prosecution or anyone connected with it). In addition, the statement in question would have been of little use to Burgess even if it had existed at the time of trial or sentencing. Considering it cumulatively with all of the other allegedly suppressed items of evidence, there is no reasonable probability of a different result; our confidence in the outcome is not undermined.

Turning to the claims of ineffective assistance of counsel at the guilt and sentence stages, it is not at all clear that all of the alleged instances of ineffective assistance of counsel that Burgess claims involved deficient performance, but we need not sort out the ones that did. Even assuming that every instance he complains about satisfies the performance deficiency requirement of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984), his claims still fail to satisfy the prejudice requirement. If Burgess' experienced trial counsel had done everything exactly as Burgess now contends he should have, there is no reasonable probability of a different result in either the guilt or sentence stage; our confidence in the outcome of the guilt stage and the sentence stage is not undermined by the

6

alleged deficiencies in counsel's performance, considered cumulatively. See

Strickland, 466 U.S. at 694–97, 104 S.Ct. at 2068–69. The same is true of

Burgess' claim of ineffective assistance of counsel on direct appeal. Even if his

counsel had argued the appeal exactly as Burgess contends he should have, there

is no reasonable probability of a different result; our confidence in the outcome of

the appeal is not undermined.

AFFIRMED.[2]

---

[2] Burgess raises in his reply brief another issue, involving a different claim—that the trial court violated a number of his constitutional rights by refusing to order the production of the entire file from the Department of Family and Children Services. Appellant's Reply Br. at 47–48. We do not consider that issue for two independently adequate reasons. First, the certificate of appealability, even as expanded by this Court, does not cover the issue, and we limit our review to issues that are covered in the certificate of appealability. See 28 U.S.C. § 2253(c); Hodges v. Att'y Gen., Fla., 506 F.3d 1337, 1340–42 (11th Cir. 2007); Tompkins v. Moore, 193 F.3d 1327, 1332 (11th Cir. 1999); Murray v. United States, 145 F.3d 1249, 1250 (11th Cir. 1998). Second, we do not consider issues raised for the first time in a reply brief. See Mamone v. United States, 559 F.3d 1209, 1210 n.1 (11th Cir. 2009); Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008); United States v. Whitesell, 314 F.3d 1251, 1256 (11th Cir. 2002).

BARKETT, Circuit Judge, specially concurring:

I concur in the majority's opinion, but for the reasons stated in my dissent in Hill v. Humphrey, 662 F.3d 1335, 1365-78 (11th Cir. 2011) (en banc), I continue to believe that Georgia's requirement that defendants prove mental retardation beyond a reasonable doubt is unconstitutional under Atkins v. Virginia, 536 U.S. 304 (2002).