[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12521
Non-Argument Calendar
_____

D.C. Docket No. 0:98-cr-06128-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT MARVIN HARRIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 3, 2013)

Before PRYOR, MARTIN and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Robert Marvin Harris moved in the district court for post-conviction relief under 18 U.S.C. § 3582(c)(2), 28 U.S.C. § 1651, and Federal Rule of Civil Procedure 60(b).  Harris requested that the district court reduce his sentence, vacate his convictions, and return his property, which was seized pursuant to a criminal forfeiture order.  The district court denied Harris's motion in its entirety, and Harris appeals that decision.

We review *de novo* a district court's conclusions about the scope of its legal authority under § 3582(c)(2).  *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008).  We also review *de novo* whether the district court had subject-matter jurisdiction to hear a matter.  *Holston Invs., Inc. B.V.I. v. LanLogistics Corp.*, 677 F.3d 1068, 1070 (11th Cir.), *cert. dismissed*, 133 S.Ct. 499 (2012).  A defendant abandons any issue on appeal that he does not "plainly and prominently" address in his appellate brief.  *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

A district court may modify a term of imprisonment that was based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  A reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission."  *Id*.  The applicable policy statements, found in U.S.S.G. § 1B1.10, state that "[a] reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C.

2

§ 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Section 1B1.10 contains a list of Amendments which apply retroactively, including Amendment 591. *Id*. § 1B1.10(c).

Amendment 591 to the Sentencing Guidelines amended U.S.S.G. § 1B1.2(a) to insert language directing courts to determine the applicable Chapter Two offense guideline based on the statutory index for the offense of conviction. U.S.S.G., App. C., Amend. 591. The Sentencing Commission stated that it passed the amendment to clarify a circuit conflict over whether the guideline provisions governing drug offenses occurring near protected locations were applicable only when a defendant was convicted of such an offense or whenever the defendant's relevant conduct constituted such an offense. *Id*., Reason for Amendment. The Commission also noted that there were similar conflicts regarding other guideline sections. *Id*. Amendment 607 made Amendment 591 retroactive. *Id*., Amend. 607.

"Under the law-of-the-case doctrine, an issue decided at one stage of a case is binding at later stages of the same case." *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997). The doctrine applies to decisions made by a district court that were not challenged on appeal when the opportunity to appeal those decisions existed. *Id*. There are three exceptions to the doctrine: (1) the later

decision is based on substantially different evidence; (2) controlling authority has since made a contrary decision of the law applicable; and (3) the decision was clearly erroneous and would work a manifest injustice. *Id*. at 1561 (quoting *White v. Murtha*, 377 F.2d 428, 431–32 (5th Cir. 1967)).

Federal courts are courts of limited jurisdiction and may only hear cases where authorized by the Constitution and by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). A district court lacks the jurisdiction to hear a second or successive § 2255 motion absent authorization from a court of appeals. 28 U.S.C. §§ 2244(b)(3)(A), and 2255(h); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

Where a federal prisoner is collaterally attacking his sentence as violating the Constitution, the proper avenue of relief is 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005). Where a prisoner seeks to raise such a challenge under a different label, the court should construe the motion as a § 2255 motion, even if it would then be dismissed as successive. *See Holt*, 417 F.3d at 1175. The only restriction placed on such a characterization is that, if the motion would be the litigant's first § 2255 motion, the court first must inform the prisoner of the characterization and permit him to withdraw or amend the motion. *See Castro v. United States*, 540 U.S. 375, 383, 124 S.Ct. 786, 792 (2003).

4

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), federal courts have the authority to issue a writ of error *coram nobis*. *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). A writ of error *coram nobis* is available to petitioners seeking to vacate a conviction for which they are no longer in custody. *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002). A petitioner may only obtain *coram nobis* relief where: (1) there is and was no other avenue of relief available; and (2) the alleged error involves a fundamental matter of fact that has not previously been put in issue and renders the proceeding itself "irregular and invalid." *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000).

A defendant may file a direct appeal from a criminal forfeiture order. Fed.R.Crim.P. 32.2(b)(4)(C). We have previously held that a defendant cannot challenge a criminal forfeiture order under Rule 60(b). *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998). In reaching that conclusion, we reasoned that Rule 60(b) does not provide for relief from a judgment in a criminal case. *Id*. Moreover, 28 U.S.C. § 2255 does not offer relief from the non-custodial features of a criminal sentence. *See United States v. Mamone*, 559 F.3d 1209, 1211 (11th Cir. 2009).

To the extent that Harris sought a sentence reduction under § 3582(c)(2), he invoked in the district court Amendments 591, 715, and 750 to the Sentencing Guidelines. On appeal, he only mentions Amendment 591, and has therefore

abandoned his argument regarding the other two amendments. *See Jernigan*, 341 F.3d at 1283 n.8.

Harris's claim that Amendment 591 entitles him to a sentence reduction is barred by the law-of-the-case doctrine. Harris previously sought a § 3582(c)(2) resentencing based on Amendment 591. The district court, acknowledging that Harris's motion was based in part on Amendment 591, denied the motion. Harris failed to timely appeal that decision, and we eventually dismissed his appeal for a lack of jurisdiction.

None of the exceptions to the law-of-the-case doctrine applies. *See Escobar-Urrego*, 110 F.3d at 1561. As to the first two exceptions, the instant motion is based on the exact same record as the previous motion, and there has been no apparent change in controlling authority. Harris cites to *Alleyne v. United States*, 570 U.S. ___, 133 S.Ct. 2151 (2013), as a change in authority, but the *Alleyne* decision did not address an amendment by the Sentencing Commission and is inapplicable. *See* 18 U.S.C. § 3582(c)(2); *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005) (holding that Amendment 591 only applies to the selection of the relevant offense guideline).

As to the third exception, no manifest injustice would result from imposing the law-of-the-case doctrine here, because Amendment 591 affords Harris no relief. *See Escobar-Urrego*, 110 F.3d at 1561. Amendment 591 requires a district

court to select the appropriate offense guideline based on the offense of conviction. *See* U.S.S.G., App. C., Amend. 591; *Moreno*, 421 F.3d at 1219.  Here, Harris's PSI selected the offense guideline based on the offense of conviction.  Harris points to no specific error in the PSI's calculation other than the conclusory and immaterial suggestion that his sentence was based on uncharged conduct.  Amendment 591 would, therefore, not change Harris's guideline calculations and, thus, would not warrant a sentence reduction.  *See* 18 U.S.C. § 3582(c)(2).

To the extent that Harris's motion challenged the legality of his conviction and sentence, the district court should have construed his motion as filed under § 2255.  *See Holt*, 417 F.3d at 1175.  Because Harris had already filed a § 2255 motion, which was denied on the merits, the district court should have dismissed Harris's challenge to his conviction and custodial sentence as a successive § 2255 motion filed without first obtaining leave from this court.  *See* 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h); *Farris*, 333 F.3d at 1216.

To the extent that Harris sought relief under Rule 60(b), it is not a cognizable form of relief from a criminal judgment, including a criminal forfeiture order.  *See Mosavi*, 138 F.3d at 1366.  To the extent that he sought relief in the form of a writ of *coram nobis* under 28 U.S.C. § 1651, the district court also properly denied his motion.  Because Harris was and is imprisoned, he has the opportunity to seek to challenge his custodial sentence under § 2255, and, thus,

*coram nobis* relief is unavailable to him even though he must obtain leave to file another § 2255 motion. *See Peter*, 310 F.3d at 712. Further, Harris was entitled to file a direct appeal from the forfeiture order, also rendering *coram nobis* relief unavailable to him. *See* Fed.R.Crim.P. 32.2(b)(4)(C); *Alikhani*, 200 F.3d at 734.

Because Harris failed to make any claim in his motion that would warrant any relief from his conviction, sentence, or forfeiture, we conclude that the district court correctly denied his motion. Accordingly, we affirm the district court's denial of Harris's post-conviction motion.

**AFFIRMED.**