[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-15333
Non-Argument Calendar

_____

D.C. Docket Nos. 2:16-cv-08113-CLS; 2:05-cr-00135-CLS-JHE-1

CHARLES EUGENE PRITCHETT,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 13, 2020)

Before GRANT, LUCK, and EDMONDSON, Circuit Judges.

PER CURIAM:

Charles Pritchett, a federal prisoner proceeding pro se,[*] appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction and sentence for violating 18 U.S.C. § 924(c).  No reversible error has been shown; we affirm.

In 2005, Pritchett pleaded guilty to (1) conspiracy to take "by force and violence and by intimidation" a controlled substance, in violation of 18 U.S.C. § 2118(d) ("Count 1"); (2) taking "by force and violence and by intimidation" a controlled substance, in violation of 18 U.S.C. § 2118(a) & (c)(1) ("Count 2"); (3) carrying or using a firearm in relation to a crime of violence -- robbery involving controlled substances under 18 U.S.C. § 2118(a) -- in violation of 18 U.S.C. § 924(c)(1) ("Count 3"); and (4) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) ("Count 4").  The district court sentenced Pritchett to a total sentence of 365 months' imprisonment.  We affirmed Pritchett's convictions and sentences on direct appeal.  See United States v. Pritchett, 173 F. App'x 795 (11th Cir. 2006) (unpublished).

In 2016, Pritchett filed the pro se section 2255 motion that is at issue in this appeal.  Pritchett seeks to vacate his conviction and sentence under Count 3: the

---

[*] We construe liberally pro se pleadings.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

2

one for violation of section 924(c).  In challenging the validity of his Count 3 conviction, Pritchett made two arguments: (1) the conviction underlying Count 3 -- robbery of a controlled substance in violation of 18 U.S.C. § 2118(a) -- was no "crime of violence" within the meaning of the "force clause" in section 924(c)(3)(A); and (2) the "residual clause" in section 924(c)(3)(B) was unconstitutional in the light of Johnson v. United States, 135 S. Ct. 2551 (2015), and Sessions v. Dimaya, 138 S. Ct. 1204 (2018).

In November 2018, the district court denied Pritchett's section 2255 motion as time-barred.  Although Pritchett's motion had been filed within one year after Johnson, the district court determined that Pritchett had asserted no Johnson-based claim.  In making that determination, the district court relied on our decision in Ovalles v. United States, 905 F.3d 1231 (11th Cir. 2018) (en banc), in which we distinguished the residual clause in section 924(c)(3)(B), from the residual clauses struck down as unconstitutionally vague in Johnson and in Dimaya.  The district court also denied Pritchett a certificate of appealability ("COA").

Our decision in Ovalles, however, has since been abrogated by the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019), which struck down as unconstitutionally vague the residual clause in section 924(c)(3)(B). Accordingly, this Court granted Pritchett a COA on this issue: "[w]hether, in light of United States v. Davis, 139 S. Ct. 2139 (2019), the district court erred in its

3

ruling that Pritchett's 28 U.S.C. § 2255 motion was untimely, pursuant to § 2255(f)(3)."

### I.

As an initial matter, we must first address the scope of our review in this appeal.

In its appellate brief, the government concedes that the timeliness issue presented in the COA "should be decided in Pritchett's favor." Because the government has thus waived its period-of-limitations affirmative defense, the sole issue mentioned in the COA is now moot. See Mays v. United States, 817 F.3d 728, 732 (11th Cir. 2016) (concluding that the time-bar issue in the COA was rendered moot when the government withdrew its period-of-limitations defense on appeal); see also Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (explaining that the period of limitations under section 2255 is "a garden-variety statute of limitations" and no jurisdictional bar).

The government, however, contends that the district court's judgment should be affirmed on an alternative ground: that Pritchett's conviction under 18 U.S.C. § 2118(a) constitutes a "crime of violence" under the force clause of section

924(c)(3)(A). Pritchett says that the alternative ground raised by the government is outside the scope of the COA and is, thus, not properly before us on appeal.

Generally speaking, "the scope of our review of an unsuccessful § 2255 motion is limited to the issues enumerated in the COA." McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011). The Supreme Court, however, has said that the gate-keeping function of a COA applies only when "tak[ing] an appeal," not when defending a judgment on alternative grounds. See Jennings v. Stephens, 574 U.S. 271, 282-83 (2015). In addition, we may affirm the denial of a section 2255 motion on any ground supported by the record, regardless of the ground relied upon by the district court. Castillo v. United States, 816 F.3d 1300, 1303 (11th Cir. 2016). For these reasons, we conclude that the government's alternative argument is properly before us in this appeal.

In his reply brief, Pritchett also raises a new argument that his sentences on Counts 1 and 4 were imposed in excess of the pertinent statutory maximum sentence. Because this argument was raised for the first time on reply, we will not consider it. See Mamone v. United States, 559 F.3d 1209, 1210 n.1 (11th Cir. 2009) ("[W]e will not address an argument raised for the first time in a reply brief.").

## II.

5

So, we address whether an offense under 18 U.S.C. § 2118(a) constitutes a "crime of violence" under the force clause in section 924(c)(3)(A). This issue was one of the two chief arguments asserted by Pritchett in his section 2255 motion. Both parties have presented argument on this issue both in the district court and in their appellate briefs; no supplemental briefing is necessary.

Section 924(c) makes it a criminal offense to use, carry, or possess a firearm in furtherance of a crime of violence. 18 U.S.C. § 924(c). Under the "force clause" of section 924(c)(3)(A), the term "crime of violence" means a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

The "crime of violence" underlying Pritchett's section 924(c) conviction is robbery of a controlled substance in violation of section 2118(a). Section 2118(a) prohibits "tak[ing] or attempt[ing] to take from the person or presence of another by force or violence or by intimidation" a controlled substance. 18 U.S.C. § 2118(a). Pritchett contends that -- because section 2118(a) punishes robbery "by intimidation" -- section 2118(a) is no categorical "crime of violence" under section 924(c)(3)(A). We disagree.

We have said that "an element requiring that one take or attempt to take by force and violence <u>or by intimidation</u> . . . satisfies the force clause of § 924(c),

6

which requires the use, attempted use, or threatened use of physical force." In re Smith, 829 F.3d 1276, 1280 (11th Cir. 2016) (emphasis added) (concluding that carjacking, in violation of 18 U.S.C. § 2119, constitutes a "crime of violence" under section 924(c)(3)(A)). The carjacking statute at issue in In re Smith makes it unlawful to take, or attempt to take, a motor vehicle "from the person or presence of another by force and violence or by intimidation." 18 U.S.C. § 2119.

We have also concluded that bank robbery, in violation of 18 U.S.C. § 2113(a) -- which involves taking property of a bank "by force and violence, or by intimidation" -- constitutes a crime of violence under the force clause of section 924(c)(3)(A). In re Sams, 830 F.3d 1234, 1239 (11th Cir. 2016). In doing so, we applied this reasoning:

> [B]ank robbery under § 2113(a), 'by force and violence,' requires the use of physical force. Bank robbery under § 2113(a), 'by intimidation,' requires the threatened use of physical force. Either of those alternatives includes an element that is 'the use, attempted use, or threatened use of physical force,' and thus bank robbery under § 2113(a) constitutes a crime of violence under the force clause of § 924(c)(3).

Id. (citing United States v. McNeal, 818 F.3d 141, 153 (4th Cir. 2016)).

We see no meaningful distinction between the criminal statute at issue in this appeal and the criminal statutes addressed in In re Smith and In re Sams. All three statutes prohibit taking or attempting to take "by force and violence or by intimidation." See 18 U.S.C. §§ 2113(a), 2118(a), 2119. Also, we do not read the

7

decision in United States v. Davis, 139 S. Ct. 2319 (2019) (holding the residual clause in section 924(c)(3)(B) to be unconstitutional), to do away with the persuasive force of In re Sams and In re Smith: decisions based on the elements of a crime and section 924(c)(3)(A).  For background, see Brown v. United States, 942 F.3d 1069 (11th Cir. 2019) (examining post-Davis whether a crime constituted a "crime of violence" under section 924(c)(3)(A)).  In the light of our precedent in In re Smith and in In re Sams, we conclude that a controlled substance robbery offense under section 2118(a) constitutes a "crime of violence" within the meaning of the force clause in section 924(c)(3)(A).

Pritchett has thus failed to show that his conviction under section 924(c) is unconstitutional; we affirm the district court's denial of Pritchett's section 2255 motion to vacate.

AFFIRMED.