[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-11149

Non-Argument Calendar

_____

QUARTAVIOUS DAVIS,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket Nos. 1:19-cv-21457-JAL,
1:10-cr-20896-JAL-2

_____

Before WILSON, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Petitioner-Appellant Quartavious Davis appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his convictions and sentences. At issue on appeal is Davis's claim in his § 2255 motion that his trial counsel was ineffective for failing to pursue a plea deal for Davis and failing to advise him of the consequences of not pleading guilty. The district court denied Davis's § 2255 motion without an evidentiary hearing. On appeal, Davis argues that the district court abused its discretion by not holding an evidentiary hearing regarding Davis's plea deal, ineffective assistance of counsel claims. Because Davis failed to sufficiently plead facts showing that he was entitled to relief, the district court did not err in denying his ineffective assistance of counsel claims without holding an evidentiary hearing. Accordingly, we affirm.

I

In February 2011, a grand jury returned a 17-count superseding indictment against Davis and his five codefendants. Davis was charged with two counts of conspiring to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); seven counts of Hobbs Act robbery, in violation of § 1951(a); six counts of using, carrying, and possessing a firearm during a crime of violence, in violation of § 924(c)(1)(A)(ii); and one count of using, carrying, and possessing a firearm during a crime of violence, in violation of § 924(c)(1)(A)(iii).

Davis was convicted on all 16 counts, making him subject to six mandatory consecutive terms of 25 years' imprisonment and one mandatory consecutive term of five years' imprisonment for his § 924(c) charges. The district court sentenced Davis to a total of 1,917 months' imprisonment.

In 2019, Davis filed a 28 U.S.C. § 2255 motion to vacate his convictions. Davis raised numerous challenges to his convictions and sentences, including a claim that his trial counsel was "ineffective in failing to seek and negotiate a plea on [his] behalf, and in failing to adequately advise [him] to plead guilty, despite the near-certain conviction and dire sentencing consequences." Davis alleged that his trial counsel was ineffective by not discussing with him (1) the benefits and detriments of going to trial as opposed to pleading guilty; (2) the potential consequences of his codefendants' guilty pleas and cooperation with the government, particularly when considered alongside powerful cellphone location data evidence placing Davis near the robbery sites; and (3) counsel's understanding that Davis faced a "certainty of conviction," and that Davis would receive a life sentence based on the mandatory stacking of his 18 U.S.C. § 924(c) penalties.

A magistrate judge issued a report and recommendation (R&R) on Davis's § 2255 motion, recommending a denial without holding an evidentiary hearing. Regarding Davis's plea deal, ineffective assistance of counsel claims, the magistrate judge concluded that Davis failed to demonstrate prejudice because there was no evidence that a plea deal was offered. The district court adopted

4                    Opinion of the Court                    20-11149

the R&R and supplemented it with the finding that Davis had not alleged that he (1) had ever told his trial counsel that he was interested in pursuing a plea deal; and (2) would have accepted a plea offer if one had been presented to him.  As a result, the district court denied Davis's § 2255 motion.  Davis appealed and moved for a certificate of appealability (COA).  We granted the COA as to (1) whether Davis's trial counsel was ineffective in failing to pursue a plea deal and discuss with Davis the advisability of pleading guilty and (2) whether the district court abused its discretion in failing to hold an evidentiary hearing.

## II.

In an appeal from the denial of a § 2255 motion, we review the district court's legal conclusions de novo and its factual findings for clear error. *Mamone v. United States*, 559 F.3d 1209, 1210 (11th Cir. 2009) (per curiam).  We review a district court's denial of an evidentiary hearing in a § 2255 proceeding only for abuse of discretion.  *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014).

To assert a successful claim of ineffective assistance of counsel, a defendant must allege facts showing that: (1) his counsel was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The right to effective assistance of counsel "extends to the plea-bargaining process." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012).  To establish prejudice in the plea process, a defendant must show a reasonable probability that, but for counsel's ineffectiveness: (1) the plea offer

would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it); (2) the court would have accepted its terms; and (3) the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that were imposed. *Id.* at 164.

Turning first to Davis's ineffective assistance of counsel claim, Davis argues that his trial counsel was ineffective in failing to pursue a plea deal given that: (1) it was clear that he was going to be convicted for charges that would yield a longer-than-life mandatory sentence and (2) two of Davis's similarly-situated codefendants negotiated a plea deal resulting in the dismissal of multiple 18 U.S.C. § 924(c) charges. He contends that his allegations and the record support the conclusion that, absent counsel's deficient performance, the government would have offered a plea agreement that included a dismissal of some of his § 924(c) charges. And given proper advice, Davis would have been willing to enter a guilty plea, which would have resulted in a significantly lower sentence. Thus, according to Davis, his trial counsel's failure to pursue a plea deal prejudiced him. As a result, Davis argues, the district court erred in denying his § 2255 motion without a hearing.

Davis's ineffective assistance of counsel claim fails because he cannot show prejudice under the second prong of *Strickland*. 466 U.S. at 687. To demonstrate prejudice in the plea process, Davis must show that the plea agreement would have been presented to the court. *Lafler*, 566 U.S. at 164. Davis did not allege in his §

2255 motion that the government even offered a plea deal, nor does he allege that he would have accepted one.  Accordingly, we affirm the district court's denial of Davis's ineffective assistance of counsel claims regarding trial counsel's failure to pursue a plea deal.

We turn next to Davis's second claim on appeal, that the district court abused its discretion in denying his § 2255 motion without an evidentiary hearing.  The "decision to grant an evidentiary hearing [is] generally left to the sound discretion of district courts." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).  "[W]hen considering whether an evidentiary hearing should be held on habeas claims based on occurrences outside the record, no hearing is required if the allegations viewed against the record . . . fail to state a claim for relief . . . ."  *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (internal quotation marks omitted).

The district court did not abuse its discretion in denying Davis's § 2255 motion without holding an evidentiary hearing.  The decision to grant an evidentiary hearing is left to the discretion of the district court, *Schriro*, 550 U.S. at 473, and a hearing is not required when the allegations fail to state a claim for relief, *Tejada*, 941 F.2d at 1559.  As discussed above, Davis failed to sufficiently plead facts showing that he was prejudiced by his trial counsel's alleged deficient performance.  Thus, the district court properly denied Davis's § 2255 motion without an evidentiary hearing because he failed to state a claim for relief.  Accordingly, we affirm.

**AFFIRMED.**