[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12931

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DENNIS BRIAN DEVLIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:11-cr-00056-JA-DCI-1

_____

Before BRANCH, BRASHER, and EDMONDSON, Circuit Judges.

PER CURIAM:

Dennis Devlin, a federal prisoner proceeding *pro se*,[1] appeals the district court's order denying Devlin's *pro se* motion challenging the forfeiture orders entered in Devlin's 2011 criminal proceedings. No reversible error has been shown; we affirm.[2]

I.

In 2011, Devlin pleaded guilty to sexual exploitation of a child: a violation of 18 U.S.C. § 2251(a), (e). Pursuant to a written plea agreement, Devlin agreed to forfeit to the government any interest Devlin had in the hotel property where the criminal conduct took place ("Property").

In May 2011, the district court entered a preliminary order of forfeiture. The order provided that Devlin's interest in the Property was subject to forfeiture by the government.

At Devlin's sentencing hearing, the district court ordered Devlin to forfeit his interest in the Property. The district court

---

[1] We read liberally briefs filed by *pro se* litigants. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). We also construe liberally *pro se* pleadings. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

[2] Devlin's motions for leave to file a reply brief out of time and for appointment of counsel are DENIED. Devlin's motions to provide supplementary appellate arguments are GRANTED.

imposed a sentence of 180 months' imprisonment. The final criminal judgment was entered on 1 August 2011. Devlin did not appeal his conviction or his sentence.

On 19 September 2013, the district court -- in the light of the pending sale of the Property -- entered an amended preliminary order of forfeiture. The district court ordered that Devlin's interest in the net proceeds of the sale of the Property (an amount equal to $1,552,588.62) was forfeited to the government in lieu of forfeiting Devlin's interest in the Property. Devlin never appealed the amended preliminary order of forfeiture. The district court entered the final order of forfeiture on 26 September 2013.

Beginning in 2018, Devlin filed *pro se* several motions seeking to challenge the forfeiture proceedings. Briefly stated, Devlin alleged that he never had an interest in the Property. Devlin asserted that the government had obtained the final forfeiture order through extortion, by fabricating evidence, and by perpetuating a fraud on the district court. The district court denied Devlin's various motions, concluding that Devlin had no standing to contest the final forfeiture order. Devlin pursued three separate appeals of the district court's orders denying relief. We dismissed each appeal for lack of jurisdiction, concluding that Devlin lacked standing to challenge the final order of forfeiture.

In 2021, Devlin filed *pro se* the motion at issue in this appeal: a motion titled "Motion to Vacate an Unconstitutional-Illegal Preliminary Forfeiture Order. Motion to Dismiss the Government Motion 'Court Lacks Jurisdiction' Used to Perpetrate Fraud on

Court" ("Motion to Vacate"). In his Motion to Vacate, Devlin went over again the same arguments raised in his earlier unsuccessful motions challenging the forfeiture proceedings. Among other things, Devlin continued to assert that he never had an interest in the Property and that the government obtained the forfeiture order through fraud, extortion, and by fabricating evidence.

The magistrate judge issued a report and recommendation ("R&R"), recommending that the district court deny Devlin's Motion to Vacate. The magistrate judge explained that the district court had already addressed the arguments raised in Devlin's motion and had concluded that Devlin lacked standing to challenge the final order of forfeiture. The magistrate judge also recommended that the district court enjoin Devlin from filing additional forfeiture-related motions.

Devlin filed timely objections to the R&R. In his objections, Devlin never challenged the magistrate judge's recommendation that Devlin be enjoined from future forfeiture-related filings.

The district court overruled Devlin's objections. The district court adopted the R&R and denied Devlin's Motion to Vacate. The district court also enjoined Devlin from "making any filings related to the forfeiture orders or the property subject to forfeiture in this case" and ordered that such filings be stricken without further notice. The district court then struck Devlin's most recently filed forfeiture-related motion. This appeal followed.

21-12931                Opinion of the Court                5

## II.

### A.

We review *de novo* jurisdictional issues, including threshold questions about standing. *See United States v. Weiss*, 467 F.3d 1300, 1307-08 (11th Cir. 2006).

To establish standing, a litigant must show (1) "that he has suffered a concrete injury" (2) "that is fairly traceable to the challenged conduct," and (3) that "is likely to be redressed by a favorable judicial decision." *United States v. Amodeo*, 916 F.3d 967, 971 (11th Cir. 2019). For purposes of appellate standing, the litigant "must possess a direct stake in the outcome of the case." *Id*. "Only a litigant who is aggrieved by the judgment or order may appeal." *Id*. In deciding whether a litigant has standing in a forfeiture proceeding, we consider whether the litigant has shown an interest in the property subject to forfeiture. *Id*.

When a criminal defendant -- like Devlin -- pleads guilty and agrees to forfeiture, the district court enters a preliminary forfeiture order. *See id*. at 972. At sentencing, the preliminary forfeiture order becomes final for the defendant and extinguishes the defendant's interest in the property. *Id*. The district court may then conduct ancillary proceedings to assess the interests of third parties in the forfeited property. *Id*. At the conclusion of the ancillary proceedings, the district court enters a final order of forfeiture. *Id*.

"A defendant has standing to challenge a preliminary order of forfeiture because that order causes his injury -- the loss of his

property." *United States v. Bane*, 948 F.3d 1290, 1294 (11th Cir. 2020). A defendant, however, has no standing to challenge the final order of forfeiture: an order that is "entered after the defendant has already lost ownership of the property" and that concerns only the rights of third parties in the property. *Id.*

To the extent Devlin's Motion to Vacate sought to challenge the final forfeiture order[3] or the settlement agreement reached during the ancillary forfeiture proceedings, the district court determined properly that Devlin lacked standing to do so. *See id.* Devlin's Motion to Vacate can also be construed as challenging both the district court's initial and amended preliminary forfeiture orders. Devlin has standing to challenge those preliminary orders. *See Bane*, 948 F.3d at 1293-94 (concluding that defendants had standing -- years after the final forfeiture order was entered -- to raise a claim that the district court erred in holding them jointly and severally liable for the forfeiture judgment because the defendants' argument constituted a challenge to the preliminary forfeiture order).

The government argues that Devlin disclaimed standing to challenge the preliminary forfeiture orders by asserting that he never had an interest in the Property. We disagree. The preliminary forfeiture orders constituted a part of Devlin's final criminal

---

[3] On appeal, Devlin says he is not challenging directly the final forfeiture order. Devlin says he cites to the final forfeiture order only as evidence of the government's alleged misconduct.

21-12931               Opinion of the Court                    7

sentence.  *See* 21 U.S.C. § 853 (governing criminal forfeitures); *Libretti v. United States*, 516 U.S. 29, 38-39 (1995) ("Forfeiture is an element of the sentence imposed following conviction . . . .").  That Devlin seeks to challenge the sentencing court's determination that the Property was subject to criminal forfeiture does not deprive Devlin of standing to challenge his own criminal sentence.  But standing to litigate an issue is different from success in that litigation.

### B.

We next address the district court's lack of authority to modify the preliminary forfeiture orders.  Because a preliminary forfeiture order is a part of a defendant's criminal sentence, it is challenged properly in a direct criminal appeal.  *See United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998).  A district court has no authority to modify a criminal forfeiture order under 28 U.S.C. § 2255, Fed. R. Civ. P. 60(b), or under a writ of error *coram nobis*.  *See Mamone v. United States*, 559 F.3d 1209, 1210-11 (11th Cir. 2009) (concluding that 28 U.S.C. § 2255 cannot be used to raise a collateral challenge to noncustodial punishments); *Mosavi*, 138 F.3d at 1366, n.1 (concluding that a defendant cannot challenge a criminal forfeiture under the Federal Rules of Civil Procedure or by a writ of error *coram nobis*).

Devlin never appealed his conviction or sentence and never appealed the district court's entry of the amended preliminary forfeiture order.  Devlin first sought to challenge the forfeiture orders five years after the final forfeiture order was entered -- long after

the time for filing a direct appeal had expired. *See* Fed. R. App. P. 4(b) (requiring a criminal defendant to file a notice of appeal within 14 days after entry of the judgment being appealed); Fed. R. Crim. P. 32.2(b)(4)(C) (providing that the time to appeal a criminal forfeiture order begins to run from the date the judgment is entered or, if the court later amends the order to substitute property, from the date the amended order becomes final).

Devlin has identified (and we have found) no source of authority under which the district court could modify Devlin's preliminary forfeiture orders. The district court lacked authority to modify the challenged preliminary forfeiture orders; we affirm the district court's denial of Devlin's Motion to Vacate.

C.

On appeal, Devlin argues that the district court's order enjoining him from further forfeiture-related filings was unlawful and constituted a violation of his due process rights and his constitutional right to defend himself.

In his objections to the R&R, Devlin failed to object to the magistrate judge's recommendation that Devlin be enjoined from filing additional motions related to the criminal forfeiture proceedings. As a result, Devlin has waived the right to challenge that portion of the district court's order on appeal. *See* 11th Cir. R. 3-1.

Nor can we conclude that a review for plain error is necessary in the interests of justice. *See id.* ("In the absence of a proper objection, however, the court may review on appeal for plain error

21-12931              Opinion of the Court                    9

if necessary in the interests of justice."). The district court's injunction has not foreclosed completely Devlin's access to the courts. *Cf. Martin-Trigona v. Shaw*, 986 F.2d 1384, 1386-87 (11th Cir. 1993) ("The only restriction this Circuit has placed upon injunctions designed to protect against abusive and vexatious litigation is that a litigant cannot be 'completely foreclosed from *any* access to the court.'" (emphasis in original)). Instead, the district court's injunction restricts Devlin only from filing additional forfeiture-related motions. Devlin has had ample opportunity to litigate his arguments challenging the forfeiture proceedings in this case.

AFFIRMED.